[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision
The plaintiff, Donald Landsman, is a resident, property owner and taxpayer of the Town of Greenwich, and a member of the Representative Town Meeting ("RTM").
The defendants are the Town of Greenwich and its Board of Estimate and Taxation ("BET"). Defendant James L. Branca is the Tax Collector of the Town of Greenwich.
This case involves the interpretation of the Charter of the Town of Greenwich with emphasis on the definition of the word "appropriation" as used in various sections of the Charter.
The plaintiff in his complaint seeks a declaratory judgment claiming that the Board of Estimate and Taxation has exceeded its authority in setting a tax rate that raised millions of dollars more than the cash "sufficient with other estimated revenue receipts of the Town to meet the appropriations of the Town for the succeeding fiscal year" (Charter Section 288).
The plaintiff complains about actions taken by the BET and RTM in approving appropriations and setting the mill rate for fiscal year July 1, 1995-June 30, 1996. The practices complained about have been in place for many years.
Prior to setting the mill rate for the 1995-1996 fiscal year the BET approved a "Reserve for Contingencies" of $5,870,000.00, which amount was in addition to the $176,146,461.00 approved by the RTM. The plaintiff testified that since the Reserve for Contingencies was not approved as an appropriation by the RTM, it is illegal and any monies taxed to fund the reserve for CT Page 6220 contingencies results in an illegal and improper tax levy in violation of the Charter.
The defendant offered testimony at trial and made reference in its post trial brief that no department can expend more than the amount in the original appropriation as set forth in the original budget approved by the BET and the RTM. If additional funding is needed during the ensuing fiscal year, the department head has to request a new appropriation that must be approved by the BET and if over $5,000.00, additional approval by the RTM is also required.
Plaintiff concedes that the RTM must approve any new appropriation in excess of $5,000.00. He, however, maintains that the reserve for contingencies is monies that were improperly taxed by the BET. The plaintiff is correct when he states in his brief that this case involves a claim of an excess tax levy and has nothing to do with the spending authority of the BET or the RTM.
The Town of Greenwich and its BET RTM has enjoyed a reputation of exemplary fiscal responsibility. The testimony at trial revealed that the Town does not borrow to meet its obligations. The court understands that plaintiff does not question the fiscal reputation of the Town, nor does he encourage borrowing. Plaintiff's position is that the Charter of the Town of Greenwich does not permit the BET to levy property taxes to raise cash sufficient with other estimated revenues in excess of the appropriations already approved by the RTM.
The court finds that the Town of Greenwich acting by and through its BET members and its Tax Collector has not violated the Charter in the application of its current and historic method of' estimating variables prior to setting the mill rate.
In setting a mill rate, the BET, in addition to funding those appropriations approve by the RTM, must consider other variables such as unforeseen emergencies, labor contracts, snow removal and the like. The plaintiff is somewhat inconsistent in that he does not object to the BET estimating a reserve for property tax loss, which in the budget in question was $2,764,186.00.
Charter Section 288 clearly empowers the BET to set a tax levy sufficient to meet the appropriations of the Town for the succeeding fiscal year. The appropriations that must be met in CT Page 6221 the succeeding fiscal year can not be interpreted to mean only those RTM approved appropriations set by May 25 in each year, but must also include interim appropriations as envisioned by Section 30 of the Charter. The plaintiff contends that such an interpretation of Sections 288 and 30 would provide no limit on the amount that the BET could include in is reserve for contingencies. The Court must agree with plaintiffs conclusion. There was no evidence, however, that the BET has ever abused its power in setting a proper mill rate.
The Court notes that Charter Section 15 provides for the never used mechanism of borrowing to meet temporary monetary requirements. RTM approval is not required for borrowing. The plaintiff's proposal taking into consideration the limited budget authority of the RTM, as set forth in the Charter Section 23, could result in under funded appropriations resulting in a future need for borrowing.
The plaintiff testified on cross examination that the $5,870,000.00 reserve for contingencies, approved in the 1995-96 budget, is reflected within the $7,800,000.00 fund balance shown in the 1996-97 budget.
This revolving system, as claimed by the plaintiff, does not result in the plaintiff or other Greenwich taxpayers suffering any direct or significant financial loss for which they have no adequate remedy at law.
After a careful review of all of the applicable Charter provisions, the court finds that Charter Section 288, which provides for the BET to set a mill rate, does not limit the power of the BET to set a mill rate limited only to the appropriations as set by the RTM. Section 288 states in part: "The rate shall yield in cash taxes sufficient with other estimated revenue receipts of the Town to meet the appropriations of the Town forthe succeeding fiscal year." (Emphasis added.)
The Board of Estimate and Taxation of the Town of Greenwich clearly has the power to determine the tax rate; and inherent in this power to tax is the power to estimate variables. Accordingly, the court finds that the Charter of the Town of Greenwich empowers the BET to use its authority to tax and estimate in order to meet all estimated appropriations for the succeeding fiscal year. CT Page 6222
The relief sought by the plaintiff is denied.
Tobin, J.